UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
         Plaintiff,

No. 1:08-cv-263

-v-

HONORABLE PAUL L. MALONEY

RANDALL MIKKELSON, ET AL.,
         Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Wayne Lafountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights claim under 42 U.S.C. § 1983. Plaintiff alleges Defendants Mikkelson, Hargrave and Rittenhouse, all employees of the MDOC, retaliated against him for exercising his First Amendment rights. Defendants Mikkelson and Hargrave filed a motion for summary judgment. (Dkt. No. 15.) Defendant Rittenhouse filed a motion for summary judgment (Dkt. No. 20) and an amended motion for summary judgment (Dkt. No. 23). Plaintiff filed a combined response to the motions. (Dkt. No. 28.) The magistrate judge issued a report recommending the motions for summary judgment be granted and the action be dismissed. (Dkt. No. 32.) Plaintiff filed objections. (Dkt. No. 34.) Defendants also filed an objection. (Dkt. No. 35.) This court has reviewed the complaint, briefs, the report, objections, and relevant legal authority.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific

are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

## ANALYSIS

The magistrate judge's report is thorough, detailed, and well reasoned. The report is therefore ADOPTED OVER OBJECTIONS. Both parties have filed very specific objections, which are addressed below.

A. DEFENDANTS' OBJECTION

Although the magistrate judge recommends granting the motions for summary judgment, Defendants opted to file an objection. The magistrate judge found Plaintiff engaged in protected conduct when he threatened to take legal action against a prison guard if the prison guard charged him with a disciplinary infraction. Specifically, Defendants take issue with the magistrate judge's conclusion finding no relevant legal distinction between the actual filing of a grievance and statements by a prisoner that he or she would pursue such relief if wronged by a prison official. Defendants argue the authority cited by the magistrate judge in support of that conclusion,

2

*Hightower v. Vose*, No. 95-2296, 1996 WL 516123 (1st Cir. Sept. 12, 1996) and *Figueroa v. Regan*, No. 02-2402, 2003 WL 1751612 (E.D. Pa. Apr. 3, 2003), do not support the conclusion.

Defendants' objection is OVERRULED. There is sufficient authority within this circuit to conclude a prisoner's threat to file a lawsuit constitutes protected conduct. The Sixth Circuit Court of Appeals, in an unpublished decision, has held that a prisoner who threatens to file a federal lawsuit was engaged in protected conduct for the purposes of a First Amendment retaliation claim. *Dean v. Conley*, No. 98-5906, 1999 WL 1045166, at * 2 (6th Cir. Nov. 9, 1999). Since the R&R was issued, the Sixth Circuit concluded a prisoner, who alleged retaliation for threatening to file grievances, set forth sufficient facts to support a retaliation claim under the First Amendment to survive a motion to dismiss. *Pasley v. Conerly*, 345 F.App'x 981, 2009 WL 3079719, at * 2 (6th Cir. Sept. 29, 2009). As explained in *Pasley*, the Sixth Circuit opinions to the contrary involved threats to file frivolous lawsuits, which would not constitute protected conduct. *Id.* (citing *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at * 2 (6th Cir. Sept. 18, 2000) and *Thaddeus-X v. Love*, No. 98-2211, 2000 WL 712345, at * 3 (6th Cir. May 22, 2000)); *see also Wade-Bey v. Fluery*, No. 2:07-cv-117, 2008 WL 2714450, at * 6 (W.D. Mich. July 8, 2008) (Miles, J.) (finding the plaintiff's threat to sue did not constitute protected conduct because "it would be virtually unheard of for a prisoner to prevail in a lawsuit complaining of deprivation of a single meal.").

B. PLAINTIFF'S OBJECTIONS

The magistrate judge concluded Plaintiff had not presented sufficient evidence to establish a causal connection between his protected conduct and the adverse action. Plaintiff offers three objections. Under the first objection, Plaintiff argues the report and recommendation must be rejected because there is evidence in the record to create a genuine issue of fact on the issue of a

causal connection. Plaintiff first argues he has alleged sufficient non-conclusory facts to overcome Defendants' motion. Plaintiff argues he filed a verified complaint, which functions as the equivalent of an affidavit. Plaintiff asserts he includes a chronology of non-conclusory facts in his verified complaint sufficient to create a genuine issue of material fact. Plaintiff argues the alleged falsity of the misconduct ticket is sufficient to satisfy the causation element of a retaliation claim, citing *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007). Second, Plaintiff argues the report and recommendation contains erroneous factual conclusions. Specifically, Plaintiff disagrees (1) that he ever entered the building containing the law library, (2) that he admitted to the conduct for which he was charged, and (3) that his complaint contains only bare allegations of malice.

Plaintiff's first objection is OVERRULED. Having reviewed Plaintiff's verified complaint, Defendant Mikkelson's affidavit, and the documents concerning the misconduct ticket, Plaintiff's verified complaint does not allege sufficient facts to create a genuine issue of material fact on the causal connection issue. In his verified complaint, Plaintiff concedes he violated Defendant Mikkelson's order not to go to the library without a pass. After the "halftime" bell rang, Plaintiff went to the library, although he apparently did not cross the threshold of the library. Plaintiff then returned to Defendants' Mikkelson and Rittenhouse to give them the information he learned. When threatened with disciplinary action for being out of place, Plaintiff informed Defendants he did not go into the library and therefore any discipline would be false and would subject Defendants to a lawsuit. Based on the information presented by Plaintiff, Defendant Mikkelson filed misconduct charges for violating an order and for being out of place. The out of place charge was later resolved in Plaintiff's favor.

Plaintiff's chronology of events does not establish a set of facts "from which retaliation may

4

plausibly be inferred." *See Desmone v. Adams*, 1998 WL 702342, * 3 (6th Cir. 1998) (unpublished table opinion); *Ishaaq v. Compton*, 900 F.Supp. 935, 940 (W.D. Tenn. 1995). Plaintiff wants the court to solely focus on the portion of the disciplinary ticket that was resolved in his favor. Standing alone, the fact that the out of place charge was resolved in his favor might create a genuine issue of material fact on the issue of causation. However, Plaintiff ignores the fact that he was also disciplined for violating a direct order. The disciplinary action for the violation of an order was reviewed and resolved against Plaintiff. By relying on the violation of a direct order portion of the disciplinary action, Defendant Mikkelson has established he would have taken the same action, even without the protected activity. *See Eby*, 481 F.3d at 441-42. The facts in the complaint do not establish that Defendant Mikkelson knowingly filed a false disciplinary report. The only information Defendant Mikkelson had suggesting Plaintiff had not violated the orders was Plaintiff's own self-serving claims of innocence.

Plaintiff's second and third objections merit little discussion. Plaintiff's second objection implicates Plaintiff's claims that Defendants Hargrove and Rittenhouse "aided and abetted defendant Mikkelson in the general plan and agreement for penalizing plaintiff by way of the issuance of the intentionally, falsified, major-misconduct, charges." (Compl. ¶ 34.) Plaintiff objects to the magistrate judge's recommendation that the claims against Defendants Hargrove and Rittenhouse lack factual support. Plaintiff's third objection addresses the alleged connection between this suit and another suit involving Plaintiff and Anthony Martin. Plaintiff alleges there are sufficient connections between this suit and the suit involving Anthony Martin to establish a causal connection between the protected conduct here and the retaliatory action here.

Plaintiff's second and third objections are OVERRULED. The magistrate judge's report is

well reasoned. Plaintiff's verified complaint lacks facts suggesting Defendants Hargrove and Rittenhouse conspired with Defendant Mikkelson to intentionally falsify a misconduct charge. Neither do the facts alleged provide the requisite causal connection between Plaintiff's protected conduct and Defendant Mikkelson's allegedly retaliatory conduct as related to Defendant Mikkelson's knowledge of the suit against Anthony Martin. As explained by the magistrate judge, if Defendant Mikkelson's conduct was not improper, the causal connection is between the misconduct filed against Plaintiff and his protected activity is severed. *See Lewis v. Turner*, 16 F.App'x 203, 304 (6th Cir. 2001) ("[T]he record in this case reveals that Lewis was convicted of a prison disciplinary charge, and that charge withstood his appeals. A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim.").

## CONCLUSION

For these reason, the report and recommendation is ADOPTED as the opinion of this court over objections. Defendants are entitled to summary judgment.

## ORDER

Consistent with the accompanying opinion, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation (Dkt. No. 32) is **ADOPTED OVER OBJECTIONS** as the opinion of this court.

2. Defendant Mikkelson's and Defendant Hargrave's motion for summary judgment (Dkt. No. 15) is **GRANTED.** The claims against Defendants Mikkelson and Hargrave are **DISMISSED WITH PREJUDICE.**

**3.**     Defendant Rittenhouse's amended motion for summary judgment (Dkt. No. 23) is **GRANTED.**  The claims against Defendant Rittenhouse are **DISMISSED WITH PREJUDICE.**

4.     Defendant Rittenhouse's motion for summary judgment (Dkt. No. 20) is **DISMISSED AS MOOT.**


Date:   March 3, 2010                                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge