UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
         Plaintiff,

-v-

RANDALL MIKKELSON, ET AL.,
         Defendants.

No. 1:08-cv-263

HONORABLE PAUL L. MALONEY

## ORDER DENYING CERTIFICATE OF GOOD FAITH FOR APPEAL

Plaintiff Wayne Lafountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against several corrections officers. Plaintiff requested, and was granted, the ability to proceed *in forma pauperis*. (Dkt. No. 4.) On March 3, 2010, this court granted motions for summary judgment filed by Defendants and terminated the action. (Dkt. No. 40). Plaintiff has since filed an appeal.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require

that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

This court has reviewed the complaint, motions, responses, and the report and recommendation, for the purposes of issuing a certificate of good faith for appeal. As explained in the March 3 order, Plaintiff has failed to set forth sufficient facts to establish an arguable basis for his claims. There are simply no facts to support the causal connection element of his retaliation claim against any of the three defendants. Accordingly, the court concludes **ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH. IT IS SO ORDERED.**


Date:  March 30, 2010                              /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge